
ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

November 17, 2023

**Via ECF Filing**
Honorable Lee G. Dunst
United States District Court
Eastern District of New York

> Re:   *Massapequa U.F.S.D., et al., v. New York State Board of Regents, et al.*
>        Docket No. 23-CV-07052 (MKB) (LGD)
>        *Wantagh U.F.S.D. and Wyandanch U.F.S.D., et al., v. New York State Board of Regents, et al.*
>        Docket No. 23-CV-07299 (LGD)
>        *Connetquot C.S.D., et al., v. New York State Board of Regents, et al.*
>        Docket No. 2:23-cv-07696 (LGD)
>        *Amityville U.F.S.D., et al, v. New York State Board of Regents, et al.*
>        Docket No. 2:23-cv-08011 (LGD)

Your Honor:

We represent the plaintiffs-petitioners ("plaintiffs") in the above-referenced matters. We write in response to defendants-respondents' ("defendants") November 1, 2023 pre-motion letters seeking a determination that certain civil cases are "related" and the Court Order of November 7, 2023. [1]

As stated in the Division of Business Rules:

> A civil case is "related" to another civil case for purposes of this Rule when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge. *A civil case shall not be deemed "related" to another civil case merely because the civil case involves*

---

[1] For the sake of clarity, plaintiffs incorporate the descriptors used in defendants' letters to identify the civil cases at issue: the Massapequa Matter (Dkt. No. 23-CV-07052 (MKB) (LGD)); the Wantagh/Wyandanch Matter (Dkt. No. 2:23-cv-07299 (LGD)); the Connetquot Matter (Dkt. No. 2:23-cv-07696 (LGD)); and the Amityville Matter (Dkt. No. 2:23-cv-08011 (LGD)).

> *identical legal issues or the same parties.* Presumptively, and subject to
> the power of a Judge to determine otherwise pursuant to paragraph (b),
> civil cases shall not be deemed to be "related" unless each case is still
> pending before the Court.

*See* Division of Business Rule 3(a) (emphasis added).

The word "related" as used in the rules requires a factually or transactionally related matter. Similar legal issues alone will generally not support assignment to the same judge. *See Ukrainian Nat. Ass'n of Jewish Former Prisoners of Concentration Camps & Ghettos v. United States*, 205 F.R.D. 102, 103 (E.D.N.Y. 2001) (collecting cases). "The fact that cases involve a similar starting point is insufficient for relating them if other issues do not overlap." *U.S. v. Pescatore,* 2006 WL 47451 at \*7 (E.D.N.Y. 2006) (citing *American Direct Marketing, Inc. v. Azad Intern., Inc.,* 783 F.Supp. 84, 87 -88 (E.D.N.Y. 1992) (holding that two civil cases were not related under Local Rule 50.3 where cases involved trade infringement of the same product, but all other legal and factual issues raised were different)).

Plaintiffs do not deny there is some factual and legal overlap among the four civil cases. All four cases were filed by different Long Island school districts to challenge the same regulation: Part 123 of the Regulations of the Commissioner of Education, 8 NYCRR §§ 123.1-123.5 (hereinafter "Part 123"). Accordingly, the lawsuits involve similar legal issues, and even assert the same causes of action. While all four cases involve a similar starting point (*i.e.*, the adoption of Part 123), that does not mean they are "related." The relatedness of the cases ends with the defendants' adoption of Part 123. From there, each case involves a distinct set of facts that do *not* overlap, and they also seek different equitable relief. The court need not look any further than the pleadings in each case to see the apparent factual differences.

- In the Massapequa Matter, plaintiffs seek equitable relief that would let them continue to use the Chiefs name *and* logo, which is an image depicting Sachem Tackapausha. The complaint focuses heavily on the many ways the community has revered Sachem Tackapausha. It details how the imagery of the Sachem extends beyond the school district into the community and can be found in the village crest, on every fire truck and firefighter uniform, etc.
- In the Wantagh/Wyandanch Matter, plaintiffs are school districts who seek to continue their use of the Warriors name, which they plan to rebrand after retiring any Native American imagery. This case involves distinct factual issues surrounding the team name. Specifically, other school districts have been allowed to continue to use the Warriors name while plaintiffs cannot, even though both have committed to removing any Native American imagery and the Wyandanch plaintiffs obtained express permission from the Shinnecock tribe.

- In the Connetquot Matter, plaintiffs seek to continue to use their Thunderbird name and logo because it never fell within the scope of Part 123. The complaint outlines the historical significance of mythical birds and other creatures, including thunderbirds, throughout various cultures.

- In the Amityville Matter, plaintiffs seek to continue their use of the Warriors name. While this matter is related to the Wantagh/Wyandanch plaintiffs in that they seek to continue use of the same name, important facts distinguish the Amityville Matter. The circumstances of the Amityville Matter are unique because the school district already spent the last five plus years rebranding the Warriors name—before Part 123 was even drafted, let alone adopted. As outlined in that pleading, the plaintiffs committed to removing Native American imagery in 2016 and selected a new logo in 2018. Since then, the district has gradually removed all remnants of the old imagery as its budget allowed. Under these unique circumstances, there is no rational basis to require the school district to have to rebrand again under a new name, after already spending over $1 million rebranding the Warriors name.

Simply put, each school district has its own unique history as to the creation and long-standing use of its name and logo. This does not compel a finding that the cases are "related," and did not require plaintiffs to identify any related cases on their respective civil cover sheets.

Regardless, defendants have no right to a determination that the cases are related. The Division of Business Rules "are adopted for the internal management of the caseload of the District." These rules simply govern the assignment of cases within the district court, and nothing more. They "do not vest any rights in litigants or their attorneys." *See* Division of Business Rule. Preamble; *see also United States v. Schwamborn*, No. 06 CR 328 SJF, 2006 WL 3337512, at *3 (E.D.N.Y. Oct. 26, 2006) (guidelines are *"not* intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases") (emphasis in original) (quoting *U.S. v. Garces,* 849 F.Supp. 852, 860-61 (E.D.N.Y.1994)).

While plaintiffs do not believe defendants have the right to the determination they seek, the Clerk of the Court already seems to have assigned the cases as if they were related. All four cases are assigned to Your Honor (three through the new pilot program) and are scheduled for an initial conference on the same date and time. There is no basis to grant defendants' letter motion. It should be denied.

Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG
CHELSEA WEISBORD

cc:     All Counsel of Record (by ECF)